**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| PEDRO CRUZ, | : | |
| | : | Civil Action No. 14-4078 (MAS) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MEDICAL DEPARTMENT STAFF, | : | |
| et al., | : | |
| | : | |
| Defendant. | : | |

**APPEARANCES:**

>PEDRO CRUZ, Plaintiff <u>pro se</u>
>\# 141648
>Middlesex County Adult Correctional Center
>P.O. Box 266
>New Brunswick, New Jersey 08903

**SHIPP**, District Judge

Plaintiff, Pedro Cruz, a state inmate confined at the Middlesex County Adult Correctional Center in New Brunswick, New Jersey, at the time he submitted this Complaint for filing, seeks to bring this action *in forma pauperis*. Based on Plaintiff's affidavit of indigence, the Court will grant Plaintiff's application to proceed pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint accordingly.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious,

for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons set forth below, the Court dismisses the Complaint for failure to state a claim at this time.

## I. BACKGROUND

Plaintiff, Pedro Cruz ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against Defendants, the Medical Department Staff at the Middlesex County Adult Correction Center ("MCACC"), and Warden Edmond C. Cicchi. (Complaint, Caption and ¶¶ 4b, 4c.) Plaintiff alleges that, for four months, the nurses and doctors at the MCACC medical department have refused medical treatment for his complaints of headache pain and dizziness. (*Id.*, ¶¶ 4b, 6.) On May 30, 2014, he requested medical attention for "headache pain" and "dizziness on a couple of occasions," but his request was ignored. However, he admits that on June 1, 2014, he was given ibuprofen for his headache. Plaintiff states that the medical staff is aware that he has high cholesterol. (*Id.*, ¶ 6.)

Plaintiff seeks unspecified money damages for his pain and suffering. (*Id.*, ¶ 7.)

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

Per the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil actions in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity. Specifically, the PLRA directs district courts to *sua sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). Accordingly, because Plaintiff is a prisoner

proceeding *in forma pauperis* in this matter, this action is subject to *sua sponte* screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

"The legal standard for dismissing a complaint for failure to state a claim under [the PLRA] is the same as that for dismissing a complaint pursuant to a motion filed under Rule 12(b)(6) of the Federal Rules of Civil Procedure." *Aruanno v. Green*, 527 F. App'x 145, 147 (3d Cir. 2013) (discussing 28 U.S.C. § 1915(e)(2)(B)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (28 U.S.C. § 1915A(b)).   According to the Supreme Court's decision in *Ashcroft v. Iqbal*, "a pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"   556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).   Rather, to prevent summary dismissal, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).   Moreover, while pro se pleadings are liberally construed, *Higgs v. Atty. Gen.*, 655 F.3d 333, 339 (3d Cir. 2011), "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). Nonetheless, courts must be cognizant that the *Iqbal* standard "is not akin to a probability requirement." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted).

## III.  SECTION 1983 ACTIONS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.  (ECF No. 1, Compl. at ¶ 1.) Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen

of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Piecknick v. Pennsylvania*, 36 F.3d 1250, 1255-56 (3d Cir. 1994). *See also Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

## IV. DISCUSSION

### A. Denial of Medical Care Claim

Plaintiff's Complaint asserts a claim that he was denied medical care for headache pain and occasional dizziness. Plaintiff does not indicate whether he is a pretrial detainee or a convicted prisoner. Consequently, the Court will examine Plaintiff's claim under both the Eighth Amendment standard (applicable to convicted prisoners) and the Fourteenth Amendment's due process standard (applicable to pretrial detainees). *See Hubbard v. Taylor*, 399 F.3d 150 (3d Cir. 2005) (holding that criminal pretrial detainees retain liberty interests firmly grounded in the Due Process Clause of the Fourteenth Amendment).

To state a Fourteenth Amendment claim of inadequate medical attention, Plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs. *See Lenhart v. Pennsylvania*, 528 F. App'x 111, 115 (3d Cir. 2013) (per curiam) (citing *Revere v. Mass. Gen. Hosp.*, 463, 239, 243–44 (1983); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003)). The standard used to evaluate a Fourteenth Amendment claim for inadequate medical care is similar to that under the Eighth Amendment, except that for a pretrial

4

detainee no aspect of confinement can have the purpose of punishment since the detainee has not been convicted. Thus, the Fourteenth Amendment standard for detainee's medical care is at least as demanding upon prison authorities as the Eighth Amendment standard. *See King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008).

The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *See Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976); *Rouse v. Plantier*, 182 F.3d 192 (3d Cir. 1999). In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must allege: (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *See Estelle*, 429 U.S. at 106; *Natale*, 318 F.3d at 582.

To satisfy the first prong of the *Estelle* inquiry, the inmate must demonstrate that his medical needs are serious. "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). "A medical need is serious if it 'has been diagnosed by a physician as requiring treatment,' or if it 'is so obvious that a lay person would easily recognize the necessity for a doctor's attention.'" *See Mitchell v. Beard*, 492 F. App'x 230, 236 (3d Cir. 2012) (per curiam) (quoting *Atkinson v. Taylor*, 316 F.3d 257, 272–73 (3d Cir. 2003) (quoting *Monmouth Cnty. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987))).

The second element of the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need. *See Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an

5

excessive risk to inmate health or safety). "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *See Farmer v. Brennan*, 511 U.S. 825, 837–38 (1994).

The Court of Appeals for the Third Circuit has found deliberate indifference where a prison official: "(1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a prisoner from receiving needed or recommended treatment." *Pierce v. Pitkins*, 520 F. App'x 64, 66 (3d Cir. 2013) (quoting *Rouse*, 182 F.3d at 197). The Court of Appeals also has held that needless suffering resulting from the denial of simple medical care, which does not serve any penological purpose, violates the Eighth Amendment. *See Atkinson*, 316 F.3d at 266.

In this case, the Court finds that Plaintiff's vague allegation that he has headache pain and dizziness is not sufficient to demonstrate a "serious medical need." *Cf. Tsakonas v. Cicchi*, 308 F. App'x 628, 632 (3d Cir. 2009) (holding that "[i]n order to be considered 'serious,' '[t]he detainee's condition must be such that a failure to treat can be expected to lead to substantial and unnecessary suffering, injury, or death." (citation omitted)). However, even if Plaintiff's allegations of headache pain and occasional dizziness could be construed as a "serious medical need, the facts alleged regarding the behaviors of the unnamed nurses and doctors indicate that they responded timely and appropriately to Plaintiff's needs. Plaintiff admits that one day after his complaints of headache pain, Plaintiff was provided ibuprofen for his pain. (Compl., ¶ 6.) Thus, Plaintiff's general allegation that he was refused treatment is unsupported by his own admission of treatment received. Courts "will generally not find deliberate indifference when some level of medical care has been offered to the inmate." *Christy v. Robinson*, 216 F. Supp.2d

398, 413–14 (D.N.J. 2002). *See also DeJesus v. Correctional Medical Services, Inc.*, 574 F. App'x 66, 69 (3d Cir. 2014) (holding that "[w]here a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law"). Accordingly, the Complaint fails to state a claim against these medical staff defendants.

B. Supervisor Liability

It has been long established that claims based solely on the theory of *respondeat superior* or supervisor liability are facially deficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676–77 (2009); *see also Colburn v. Upper Darby Twp.*, 946 F.2d 1017, 1027 (3d Cir. 1991); *accord Solan v. Ranck*, 326 F. App'x 97, 100–01 (3d Cir. 2009) (holding that "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*"), *cert. denied*, 558 U.S. 884 (2009). *But see Barkes v. First Correctional Medical, Inc.*, 766 F.3d 307, 324 (3d Cir. 2014) (holding that supervisor liability can be imposed in a § 1983 action where the supervisory official has "fail[ed] to correct known deficiencies in the provision of medical care to the inmate population," and noting that it is irrelevant [t]hat the [supervisory] official had no specific knowledge of any particular inmate or the failure of subordinate officials to treat that inmate's serious medical condition").

Here, Plaintiff's complaint does not allege any direct or personal involvement by Warden Cicchi other than in his capacity as the warden at MCACC. Indeed, Plaintiff simply states that Cicchi "fail[ed] to supervise nurses and/or doctors." (Compl., ¶ 4c.) Further, Plaintiff does not

allege Warden Cicchi has ignored or failed to correct known deficiencies in the medical care provided to the inmates at MCACC.  Therefore, Plaintiff's claim against Warden Cicchi must be dismissed because it rests impermissibly on a theory of supervisory liability.

## V. CONCLUSION

Therefore, for the reasons set forth above, the Complaint is dismissed without prejudice, in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a cognizable claim for relief under 42 U.S.C. § 1983 at this time. An appropriate order follows.

_____
MICHAEL A. SHIPP
United States District Judge

Dated:  12/4/14

9